Reese, J.
delivered the opinion of the court.
Various grounds for the affirmance of the judgment of the circuit court have been insisted on in argument. We shall not go into the consideration of any of these except one, and that is that conceding that Marshall had not at the time of the levy such an interest in the land sued for as was by law sub *179 ject to execution sale; yet having acquired the legal title by deed after the judgment and prior to the sale, the lien of the judgment attached eo instamli the conveyance passed to him, and his subsequent conveyance to Greenway was subject to that lien, and left Greenway in no better condition than Marshall in this suit, that a judgment is a lien on after acquired lands. We think this ground well taken.
The lien expressly given by the act of 1831 commences by the very terms of the statute from the rendition of the judgment and continues under the circumstances stated in the statute for twelve months, and attaches, we think, to all lands possessed by the debtor at the time of the judgment or acquired so as to be sold within the time limited by the statute. We see no reason why the limited lien given by our statute should not be held to extend to the after acquired lands as well as to those ownéd at the time of the judgment. This is so held under the New York statute and is a rule of the English common law, 4 Kent’s Com. 435-6, and as with us, the lien is of very short continuance, the reason is strengthened for giving to it all proper scope and operation as to the subject matter to which it shall be attached. Such lands are embraced by the words, and we think the policy of the statute. Upon this ground we affirm the judgment.